IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OLADAYO OLADOKUN, # 21480-037    *

    Petitioner    *    Civil Action No. AW-12-1313

v.    *

JOHN F. CARAWAY, WARDEN    *

    Respondent    *

    ***

## MEMORANDUM

Respondent John F. Caraway, Warden[1] of the Federal Correctional Institution at Cumberland, Maryland, by his counsel, has filed a Motion to Dismiss self-represented Petitioner Oladayo Oladokun's ("Oladokun") Petition for Writ of Habeas Corpus. For reasons to follow, the Court shall grant the Motion to Dismiss. ECF No. 3.

## BACKGROUND

The Director of the Federal Bureau of Prisons ("BOP") is authorized to permit inmates who complete the Residential Drug Abuse Program ("RDAP") to receive up to 12 months early release from custody. *See* 18 U.S.C. § 3621(e)(2)(B). In his "Motion for Writ of Habeas Corpus" ("Petition"), Oladokun disputes the BOP determination that he is ineligible for early release under 18 U.S.C. § 3621(e)(2) because of a disqualifying "current offense." ECF No. 1. As relief, he asks for reconsideration of his eligibility for early release. ECF No. 1 at 11.

After this Petition was filed, the BOP reconsidered Oladokun's eligibility for early release and determined him eligible. Respondent avers this determination therefore renders this case moot.

---

[1] The proper respondent in a § 2241 proceeding is the petitioner's custodian. 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge.").

**FACTS**

On July 7, 1997, Oladokun was convicted in this Court of eight counts of Bank Fraud in violation of 18 U.S.C. § 1344, and one count (Count 9) of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 125 months imprisonment, with a five-year term of supervised release on Counts 1-8, and a concurrent 125 months for felon in possession, with a three-year term of supervised release. Criminal Case No. AW- 86-285.

Oladokun began serving his three-year term of supervised release for Count 9 on October 20, 2006. When United States Probation petitioned for a Supervised Release Violator Warrant on August 17, 2010, after Petitioner's arrest for new criminal charges on August 11, 2010, his supervised release term for Count 9 already had expired. The supervised release violator term was imposed only as to Counts 1-8.

On September 20, 2011, when Oladokun's initial § 3621 offense review was conducted at the Designation and Sentence Computation Center ("DSCC") it incorrectly determined that he was ineligible early release eligibility - the BOP had erroneously included Count 9 as part of the supervised release term. See id.; Docket No. 1-4.

On July 24, 2012, the DSCC conducted a re-review of Petitioner's current and prior offenses to determine his eligibility for early release under 18 U.S.C. § 3621(e). The re-review determined that Petitioner was not precluded from early release based on his current and prior offenses. Specifically, his 18 U.S.C. § 922(g)(1) offense was no longer a "current offense," and does not preclude him from early release. *See* ECF No. 3, Exh.1, Bryan Decl. (BP-942, Request for § 3621 Offense Review).

Oladokun was subsequently notified of his eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) upon his successful completion of the Residential Drug Abuse Program. Bryan Decl., ¶ 2.  On July 26, 2012, Petitioner was officially determined to be 18 U.S.C. § 3621 Early Release Eligible.  *See* id.; *see also* Bryan Decl., Att. B (SENTRY Inmate Profile).[2]

## DISCUSSION

Article III, Section 2, of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477 (1990); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994). Because Oludokun has been determined eligible for early release, he has obtained the relief he requested in the Petition, thereby rendering the case moot. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

## CONCLUSION

This case is moot because Oladokun has received the relief he requested in the Petition. Consequently, Respondents' Motion to Dismiss this case will be granted by separate Order.

February 4, 2013                                            /s/
                                                            Alexander Williams, Jr.
                                                            United States District Judge

---

[2]  Oladokun is presently at a community correctional  program.. His projected release date is July 1, 2013. *See* http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=cdc. *See id.*